JUAN IRIZARRY CORDERO ET AL., Appellants, *v.* THE REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. G-64-6.　　　　Decided February 3, 1965.

*José Sabater* for appellants. The Registrar appeared by brief.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: In *Irizarry Cordero* v. *Registrar*, 89 P.R.R. 731 (1964), we affirmed the note of the Registrar of Property of Mayagüez refusing to record judicial sale deed No. 221 executed in Mayagüez on September 8, 1964 before

---

Notary José Sabater because although the public auction was for the sale of a joint interest in a real property belonging to a minor ordered at the request of the judicial administrator, (a) it did not appear from the order authorizing the sale that the Superior Court held a hearing to establish for said minor the necessity and utility of the sale of the real property, (b) the prosecuting attorney did not intervene in the proceeding, and (c) the minor heir was neither served with notice nor heard.

Subsequently, the judicial administrator as well as the minor represented by her father, and the successful bidder at the auction sale of the joint interest sold appeared in the administrative judicial proceeding and requested the court to approve said auction sale as well as said deed No. 221 and to order its registration in the Registry of Property.

After a hearing was held with the intervention of all the interested persons and the prosecuting attorney, the court entered an order on June 19, 1964 ordering what was requested. Said deed No. 221 having been newly presented in the registry, the Registrar again denied registration on the ground that "(1) the judicial sale included in the deed was reviewed in administrative appeal No. G-63-13, the Supreme Court having stated that the Superior Court acted without jurisdiction in authorizing the sale without previously establishing the necessity and utility, without the intervention of the prosecuting attorney, and without serving notice and hearing the heir and owner of the joint interest sold; (2) that considering the judicial sale as a contract, it is nonexistent, for the reasons aforestated, and it does not create any rights according to the decision in the cases of Oliver v. Oliver, 23 P.R.R. 168, and González v. Heirs of Díaz, 69 P.R.R. 598, and (3) the order entered subsequent to the decision of said administrative appeal by a judge not the one who entered the original order which gave rise to

the public auction sale, decreeing the existence in the record of the necessity and utility for the sale, may serve as the basis to order another public auction sale, but with said order it cannot be sought to cure, affirm, or ratify the judicial sale already executed and considered nonexistent, since the original order still suffers from the defects set forth by the Supreme Court in the aforecited administrative appeal, . . . ."

■ ■ The Registrar is right. The original proceeding was null and void. The Superior Court acted without jurisdiction in ordering the public sale of the joint interest belonging to the minor and hence, the deed of sale has the same defects rendering it null and void. Said court lacked the power to approve a void and nonexistent contract.

Now, then, the Superior Court, Mayagüez Part, is not precluded from amending its order of June 19, 1964 ordering the new auction sale and providing that in the event that Juan Irizarry Cordero is the best bidder, the amount he has already paid shall be credited to the sale price, or in the event the best bidder is a third person, the amount already paid by Irizarry shall be reimbursed to him from the proceeds of the sale.

The note appealed from will be affirmed.